**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| ANNIE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE N.A.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:26-cv-1791<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ANNIE WHITE ("Plaintiff") by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CAPITAL ONE N.A., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq*., and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.,* as well as for Invasion of Privacy ("IOP"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Eastern District of Wisconsin and a substantial portion of the events and/or omissions giving rise to the claims made in this Complaint occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is an individual over 18-years-of-age residing in Kenosha County, Wisconsin, which is located within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including those residing within the state of Wisconsin. Defendant's principal place of business is located at 1680 Capital One Drive, McLean, Virginia 22102.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff previously obtained a line of credit through Defendant in order to purchase personal and household goods ("subject debt").

10. As a result of financial difficulties, Plaintiff eventually fell behind on the subject debt.

11. Shortly thereafter, Defendant began placing systematic calls to Plaintiff's cellular phone, (262) XXX-0882.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0882. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Upon answering Defendant's phone calls, Plaintiff has often been greeted by an artificial and/or pre-recorded voice message before being connected with a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

15. Plaintiff spoke with Defendant and notified one of its representatives that she did not have the means to make a payment and did not want to receive any further calls from Defendant.

16. Plaintiff has even reiterated his requests during subsequent conversations, including in August and September 2026.

17. Yet, Defendant's conduct has persisted through the filing of this action, as it has placed at least thirty (30) phone calls to Plaintiff's cellular phone through the present day.

18. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including: (800) 955-6600.

19. Upon information and belief, the aforementioned phone number is regularly utilized by Defendant during its debt collection activities.

20. Seeing no end to defendant's harassing conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendants actions.

23. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, loss of sleep, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of her telephone services and cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system or an artificial or pre-recorded messages without their consent (emphasis added).

26. Defendant used an artificial and/or pre-recorded voice when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was often subjected to an artificial or pre-recorded voice prompting her to hold for the next available representative.

27. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an artificial and/or pre-recorded voice without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated calls to Plaintiff's cellular phone.

30. As pled in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANNIE WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

33. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff using automated messages after she notified it to stop calling her. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant willfully engaged in these harassing acts, with the hope that Plaintiff would be compelled to make payment.

34. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

35. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

36. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

37. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, but yet, she was still bombarded with collection phone calls from Defendant. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

38. As pled in paragraphs 20 through 23, *supra*, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, plaintiff is entitled to relief pursuant to

§427.105.

WHEREFORE, Plaintiff, ANNIE WHITE, respectfully requests that this Honorable Court enter an Order in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - INVASION OF PRIVACY-INTRUSION UPON SECLUSION

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

41. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted her overall focus, and continually frustrated and annoyed Plaintiff to the point where she was denied the ability to quietly live her life, instead having it upended by Defendant's harassing phone call campaign.

42. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

43. By continuing to call Plaintiff in an attempt to coerce her into making payment, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

44. As pled in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANNIE WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, in connection with Defendant's invasion of privacy;

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as a result of Defendant's invasion of privacy;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 29th day of September 2026.

Respectfully Submitted,

*<u>/s/ Taxiarchis Hatzidimitriadis</u>*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com